**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATHAN J. COLODNEY,

        Plaintiff - Appellant,

v.

COUNTY OF RIVERSIDE,

        Defendant - Appellee.

No. 13-56591

D.C. No. 5:13-cv-00427-VAP-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 24, 2016[**]

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Nathan J. Colodney appeals pro se from the district court's judgment

dismissing his diversity action arising from the termination of his employment.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Colodney's breach of contract claim because the terms of his employment were governed by statute. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 872 (9th Cir. 1998) (in California, the terms and conditions of public employment are fixed by statute, even if a contract is involved); *Hill v. City of Long Beach*, 40 Cal. Rptr. 2d 125, 128 (Ct. App. 1995) (public employees are not entitled to contract remedies, but instead, are limited to those provided by statute or ordinance).

Dismissal of Colodney's promissory estoppel claim was proper because Colodney failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Jones v. Wachovia Bank*, 179 Cal. Rptr. 3d 21, 28 (Ct. App. 2014) (elements of a promissory estoppel claim).

The district court properly dismissed Colodney's "Unauthorized Action - Ultra Vires" claim because Colodney failed to present a timely claim under the Government Claims Act. *See Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470,

1477 (9th Cir. 1995) ("The [Act] requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim[.]"); *DiCampli-Mintz v. County of Santa Clara*, 289 P.3d 884, 887 (Cal. 2012) (personal injury claims must be presented within six months of accrual).

We reject Colodney's contention that the district court erred by treating his contract claims as tort claims.

The district court did not abuse its discretion by declining to take sua sponte judicial notice of the official position classification because the classification and the statements within it were not properly subject to judicial notice. *See* Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

The district court did not abuse its discretion by declining to find a violation of Local Rule 7-3 because the record indicates that seven days before the County of Riverside filed its motion to dismiss, its counsel both mailed and e-mailed Colodney in an attempt to meet and confer. *See* C.D. Cal. R. 7-3 (counsel contemplating the filing of any motion must contact the opposing side at least seven days prior to filing the motion); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and noting the "[b]road deference . . . given to a district court's interpretation of its local rules").

13-56591

The district court did not abuse its discretion by denying Colodney leave to amend because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

We reject as unsupported by the record Colodney's contentions regarding conversion of the motion to dismiss to a motion for summary judgment and alleged judicial bias.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

13-56591