Filed 3/17/21  Martello v. Door CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| JEANNETTE MARTELLO, | B297568 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC625464) |
| v. |  |
| KRISTIN S. DOOR, |  |
| Defendant and Respondent. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Harwin, Judge.  Affirmed.

Crawford Law Group and Daniel A. Crawford, for Plaintiff and Appellant.

Xavier Becerra, Attorney General, Danielle F. O'Bannon, Assistant Attorney General, Richard J. Rojo and D.L. Helfat, Deputy Attorneys General, for Defendant and Respondent.

————————————

Appellant Jeannette Martello brought the present action for assault and battery against respondent Kristin Door, an attorney who worked for the Department of Managed Health Care (DMHC). After a trial, a jury returned a special verdict finding that the alleged assault occurred in the course of Door's employment as a public employee. Because Martello had not submitted a government claim pursuant to the Government Claims Act (Gov. Code,[1] § 810 et seq.), the jury's finding precluded Martello from recovering against Door.

On appeal, Martello contends that the trial court erred by allowing the jury to hear irrelevant, prejudicial evidence and demonstrating bias in the jury's presence. As we discuss, even if the trial court erred, Martello has failed to demonstrate any prejudice from the alleged errors. We therefore will affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

A. *The Present Action*

Martello, a cosmetic plastic surgeon, filed the present action for assault and battery against Door in June 2016. The operative first amended complaint, filed November 3, 2016, alleges that Door, an attorney, represented the DMHC in a proceeding in which Martello was a party. On July 1, 2014, Martello and Door were in the hallway of the Stanley Mosk courthouse following a hearing. Martello alleges that Door spoke to her in "an aggressive and loud tone," and then "deliberately threw several papers into [Martello's] face, striking [Martello] with the papers." As a result, Martello "suffered injury, stress,

---

[1] All subsequent undesignated statutory references are to the Government Code.

2

fear, apprehension, shock, embarrassment, and humiliation." Martello sought compensatory damages "in excess of $25,000," plus punitive damages "according to proof."

### B. Door's Motion for Summary Judgment

In 2017, Door filed a motion for summary judgment or summary adjudication, urging that Martello's claims were barred because Martello had not complied with the Government Claims Act. The Government Claims Act requires that, with exceptions not relevant here, a plaintiff must file a written claim with a "local public entit[y]" as a condition precedent to filing suit against that entity or "a public employee or former public employee for injury resulting from an act or omission *in the scope of his employment as a public employee.*" (§§ 905, 950.2, italics added.) Failure to file a claim bars a plaintiff from suing the entity or employee. (§ 945.4.)

The trial court denied Door's motion for summary judgment or summary adjudication, ruling that whether Door's alleged tortious act was within the scope of her employment was an issue of fact to be decided by a jury.

### C. Martello's Motions In Limine

Prior to trial, Martello filed motions in limine, seeking to preclude evidence that she had been involved in prior lawsuits and legal proceedings, had been declared a vexatious litigant, had been sued by the DMHC and had a penalty assessed against her, was practicing under a restricted medical license, and had a law degree. The trial court denied each of Martello's motions in limine.

3

*D.    Trial and Verdict*

Trial was held over four days in March 2019.  During the trial, the jury heard evidence about each of the matters that had been the subjects of Martello's motions in limine.

At the conclusion of trial, the jury made a single finding—that Door was "acting within the scope of her employment at the time of her encounter with Jea[n]nette Martello in the court hallway which is in issue in this case."  As directed by the special verdict form, the jury answered no further questions after making this finding.

The trial court entered judgment against Martello on the special verdict on April 3, 2019.  Martello timely appealed from the judgment.

## DISCUSSION

On appeal, Martello contends that the trial court erred by denying her motions in limine, allowing the jury to hear irrelevant, prejudicial evidence, and displaying improper bias towards Martello in the jury's presence.  As a result, Martello urges, the jury's finding against her was "almost inevitable," and thus she is entitled to a new trial.

Door urges that even if the trial court erred, Martello has made no showing of prejudice—that is, she has not shown that the jury was likely to have made a different finding concerning the scope of Door's employment even had the challenged evidence been excluded and the judge's conduct toward Martello been different.  In the alternative, Door contends the trial court did not abuse its discretion by admitting the challenged evidence and did not show judicial bias.

4

As we discuss, Martello has failed to show that she suffered prejudice as a result of any of the court's alleged errors. We therefore will affirm the judgment.

## I.

## Legal Standards

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573; see also *Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116, 125 [same].) " 'All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

To demonstrate grounds for reversal, an appellant has the burden to show both error *and* prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, her argument will be rejected on appeal. (*Bayramoglu v. Nationstar Mortgage LLC* (2020) 51 Cal.App.5th 726, 737; *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 525.) "Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286; see also *Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963 ["we cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice"].)

To establish prejudice, an appellant must demonstrate that absent alleged errors, it is reasonably likely that he or she would have obtained a more favorable outcome. (*People v. Winn* (2020) 44 Cal.App.5th 859, 868 [no showing of prejudicial error where "there was no reasonable likelihood the jury would have reached a more favorable outcome [had] the evidence been excluded"]; *People v. Megown* (2018) 28 Cal.App.5th 157, 168 [same].) Where the appellant is the plaintiff, this demonstration requires, at a minimum, a showing that the evidence presented to the jury would have supported a verdict in appellant's favor. (See, e.g., *Kidron v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1580 ["Plaintiff cannot prevail unless he can demonstrate *substantial* evidence in the record to support each claim asserted"].)

## II.
## Martello Has Failed to
## Demonstrate Reversible Error

### A.    *Government Claims Act*

"Suits for money or damages filed against a public entity are regulated by statutes contained in division 3.6 of the Government Code, commonly referred to as the Government Claims Act. . . . '[S]ection 905 requires the presentation of "all claims for money or damages against local public entities,' subject to exceptions not relevant here. Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year. (§ 911.2.) "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . .

6

or has been deemed to have been rejected. . . ." (§ 945.4.) "Thus, under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." [Citation.]' (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 737–738." (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 989–990.)

With exceptions not relevant here, the claim presentation prerequisite must also be satisfied before a plaintiff may bring suit against a public employee for injury "*resulting from an act or omission in the scope of his employment as a public employee.*" (§ 950.2, italics added; see *People ex rel. Harris v. Rizzo* (2013) 214 Cal.App.4th 921, 939 (*Rizzo*) ["claims against public employees or former public employees for injuries resulting from acts or omissions in the course of their employment must be presented if a claim against the employing entity for the same injury must be presented"].) "This is so because a public entity is required to pay a judgment against its employee 'for an injury arising out of an act or omission occurring within the scope of his or her employment as an employee of the public entity.' (Gov. Code, § 825(a).) 'The general proviso that a public entity may not be sued for money or damages until it has received, and had the chance to act upon, a written claim is intended to allow the entity to investigate while the facts are fresh, to settle short of litigation where appropriate, and to engage in fiscal planning for potential liability.' (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1214.)" (*Rizzo*, at p. 939.)

*B.*   *Martello Failed to Demonstrate that the Trial Record Would Have Supported a Finding that Door Acted Outside the Scope of Her Employment*

In the present case, it was undisputed that Martello did not file a government claim prior to bringing the present action. Thus, Martello could not recover damages if her alleged injury "result[ed] from an act or omission *in the scope of* [Door's] employment as a public employee." (§ 950.2, italics added.)  Only if Martello's alleged injury resulted from an act *outside* the scope of Door's employment would a government claim have been unnecessary.

Because Martello's failure to file a claim is potentially fatal to her suit, it is her burden on appeal to demonstrate that a reasonable jury could have concluded, based on the evidence before it, that Door's alleged injury-causing conduct was outside the scope of her employment.  Martello utterly fails to make this showing.  Her appellant's opening brief does not discuss the "scope of . . . employment" standard as it has been interpreted by the courts, nor does it identify *any* evidence from which the jury could have concluded that the alleged assault did not occur in the scope of Door's employment with the DMHC.  To the contrary, Martello's opening brief avoids this question entirely, discussing only the evidence she contends was erroneously admitted.  And, although the issue was squarely argued in Door's respondent's brief, Martello failed to address it in her reply.

It is not this court's role to "scour the record unguided," and we decline to do so here, where the reporter's transcript is nearly 1,000 pages. (See *WFG National Title Insurance Company v. Wells Fargo Bank, N.A., as Trustee for Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series 2005-WCW2*

8

(2020) 51 Cal.App.5th 881, 894–895; *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.)  Nor will we, unaided by Martello, review the body of case law discussing the "scope of . . . employment" standard under the Government Claims Act.  (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 [appellate court "is not required to examine undeveloped claims, nor to make arguments for parties"].)  Instead, because Martello has failed to provide this court with any legal analysis or record citations relevant to the issue of Door's employment, we will conclude that Martello has forfeited any claim of error with regard to this issue.

For all of the foregoing reasons, we conclude that Martello has failed to demonstrate prejudicial error by the trial court.  We therefore will affirm the judgment.

9

## DISPOSITION

The judgment is affirmed. Door is awarded her appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

ADAMS, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.