[Civ. No. 64729. Second Dist., Div. Four. Oct. 20, 1982.]

SWISS PARK, INC., Plaintiff and Appellant, v.
CITY OF DUARTE et al., Defendants and Respondents.

## COUNSEL

C. Robert Ferguson for Plaintiff and Appellant.

Graham A. Ritchie for Defendants and Respondents.

## OPINION

**KINGSLEY, J.**—Plaintiff appeals from an order of dismissal entered after a demurrer to its first amended complaint was sustained without leave to amend. We affirm the order as to two causes of action and reverse it as to two others.

■ Plaintiff is the owner of a tract of land in defendant city, devoted to use as a recreational area. The city desires, as part of a redevelopment plan, to convert that area to multiple condominiums. This action is an attempt by plaintiff to prevent that result.

I

By its first cause of action, plaintiff alleges that, under the terms of the redevelopment plan, it was entitled to a "Certificate of Conformity" which would enable it to continue its present ownership and use, and that the city has illegally denied it such a certificate.

Defendants' first contention is that plaintiff has sought the wrong remedy in that its complaint seeks an injunction and declaratory relief when it should have sued in mandamus. That contention cannot sustain the denial of leave to amend. The complaint, on its face, states sufficient facts to entitle plaintiff to some relief; an amendment to the prayer would easily meet that objection.

However, the complaint alleged only parts of the redevelopment plan. The trial court took judicial notice of the actual text of the plan and of the map which was part of that plan. We do likewise. It is well settled that, in ruling on a demurrer, a court may take judicial notice of facts that contradict the face of the complaint. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 798, p. 2412.) Examination of the plan and map clearly show that the area in question was designated as for "High Density Multiple" a use obviously inconsistent with plaintiff's present use of the area. It follows that plaintiff is not, under the provisions it relies on, entitled to a certificate that its present use "conformed" to the plan. The

demurrer to the first cause of action was properly sustained without leave to amend.

## II

■ By its second cause of action, plaintiff alleges that, under the terms of the plan, it was entitled to a first opportunity to negotiate with the redevelopment agency for development in accordance with the plan and also to "participate" in any development by another. It alleges that those provisions were not complied with.

The essence of plaintiff's contention is that the redevelopment agency had negotiated with, and agreed with, a developer outside of the city to construct the condominums contemplated by the plan, even before the plan was finally adopted and that it offered plaintiff an opportunity to "participate" only after all arrangements with that developer had been finalized and afforded plaintiff only 30 days within which to submit a proposal for participation.

While, again, there are facts that could well have been pleaded by amendment to make that cause of action better, the fault of plaintiff's case is that other allegations in the complaint show that plaintiff never desired either to develop the area in accordance with the plan or to participate in any such development. The position of plaintiff, at all times, was to prevent any use of its property other than the present recreational use. The demurrer to the second cause of action was properly sustained without leave to amend.

## III

■ By its third cause of action, plaintiff alleges that an integral part of the arrangement with the outside developer was the use of a corporation known as Municipal Services, Inc., to assist in selling the bonds that will be required to construct the contemplated buildings, and that a member of the city council, Watson, was an employee of, and entitled to share in the profits of, that corporation. It is alleged that Mr. Watson's action both in voting to approve the agreement with the outside developer and by persuasion of the members of the redevelopment agency was guilty of a conflict of interest such as to make the entire project illegal.

Respondents argue: (1) that the action by the city council, in which Mr. Watson participated, was a mere formality, not required by law unless "tax increment" monies were to be used to finance the project and that the complaint fails to allege any such contemplated use; and (2) that a

complaint based on conflict of interest can be brought only by a taxpayer. If such additional allegations are necessary (a matter which we do not here determine) they can easily be added by amendment. The denial of leave to amend was erroneous.

## IV

By its fourth cause of action, plaintiff alleges that, in the agreement between the redevelopment agency and the developer, the contemplated name of the project was stated as "Swiss Park Villas," thus appropriating the business name of plaintiff and that a claim for damages for such appropriation had been duly filed and rejected.

Respondents' contention as to that cause of action is merely that it is premature and that plaintiff must wait until the developer uses the name in selling the contemplated structures. We disagree. Whether the alleged use of the name has as yet caused damages to plaintiff is a matter of proof. The name was used in a public document; obviously in a city the size of Duarte that use has become known to many people. Whether any of them, and how many, have and will come to associate plaintiff with the new structure is a matter of proof. The demurrer to the fourth cause of action was improperly sustained.

The judgment (order of dismissal) is affirmed insofar as it dismissed the first two cause of action; it is reversed insofar as it dismissed the third and fourth causes of action. The case is remanded for further proceedings consistent with this opinion. Plaintiff shall recover its cost on appeal.

Woods, P. J, and Tynan, J.,* concurred.

A petition for a rehearing was denied November 9, 1982.

---

*Assigned by the Chairperson of the Judicial Council.