Filed 4/27/23  Hernandez v. Palo Verde Healthcare District CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ANTHONY HERNANDEZ, | D080910 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. BLC2000143) |
| PALO VERDE HEALTHCARE DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Riverside County, Russell L. Moore, Judge.  Affirmed.

McElfish Law Firm, Raymond D. McElfish, and Tara Heckard Bryant, for Plaintiff and Appellant.

Davis, Grass, Goldstein & Finlay, Gabriel M. Benrubi, for Defendant and Respondent Palo Verde Healthcare District.

Plaintiff Anthony Hernandez filed a lawsuit against Palo Verde Hospital (PVH) based on events that occurred in the hospital emergency room on March 2, 2019.  PVH filed a demurrer, contending it was a public entity, and Hernandez failed to provide it with the notice required by the California

Torts Claims Act ("the Act") (Gov. Code,[1] §§ 911.2 & 945.4), a precondition to filing suit. The court granted the demurrer without leave to amend and entered judgment in PVH's favor.

On appeal, Hernandez contends that PVH did not provide adequate proof it is a public entity that requires a complainant to give notice under the Act; he should be exempted from the notice requirements because he conducted due diligence and determined PVH was not a public entity; his notice to the State of California (the State) and Riverside County (the County) met the Act's notice requirements; PVH's knowledge of the underlying incident provided actual notice; and procedural errors dictate a reversal. We conclude these contentions lack merit, and we affirm the judgment.

## I.

## BACKGROUND AND PROCEDURAL FACTS

On September 2, 2020, Hernandez filed a complaint. It named PVH as a defendant. PVH was served March 2, 2021.

On March 3 or 5, 2021, the register of actions reported a first amended complaint with summons served on two parties.

On March 8, 2021, PVH's attorney e-mailed Hernandez's attorney and asked if any claim notice had been served with Palo Verde Healthcare District, which had been named and served as PVH. PVH's attorney also indicated that it would file a demurrer based on the failure to file the claim notice. In a follow-up meet and confer letter dated March 29, 2021, PVH's attorney clarified that the hospital is a public entity and so Hernandez was required to submit a notice of claim within six months of accrual of the cause

---

[1] Further statutory references are to the Government Code unless otherwise specified.

of action to pursue the lawsuit. Its demurrer would be based on the failure to do so.

On April 9, 2021, PVH filed a demurrer based on Hernandez's failure to submit a notice of claim to Palo Verde Healthcare District as required by the Act (§§ 911.2 & 945.3). PVH concurrently filed a request for judicial notice of three documents: (1) a General Acute Care license issued in 2021 by California and authorizing Palo Verde Healthcare District to operate as Palo Verde Hospital; (2) a Statement of Facts, Roster of Public Agencies filing completed by the chief executive officer (CEO) of Palo Verde Healthcare District; and (3) a document printed from the national provider indicator (NPI) website in March 2021 that listed Palo Verde Healthcare District operating a General Acute Care Hospital at 250 N. 1st Street in Blythe, California. The hearing was scheduled for May 7, 2021.

On April 30, 2021, Hernandez's attorney e-mailed counsel for PVH to explain that Hernandez planned to file a second amended complaint in which he would allege that he served the State and the County with government claims that were denied. The amended complaint would also allege that the only information located for PVH was a business entity.

On May 6, 2021, PVH filed a "Notice of Plaintiff's Non-opposition to Palo Verde Healthcare District (Named as Palo Verde Hospital)'s Demurrer Motion to Strike."

The same day, Hernandez filed and served an opposition to the demurrer, late.

The court heard arguments from both parties on May 7, 2021 and treated the demurrer as responsive to the first amended complaint. The court granted PVH's request for judicial notice and sustained the demurrer to the first amended complaint without leave to amend. The court explained

3

that the judicially noticed documents established that PVH was a public entity and cited *People v. Superior Court* (*Sahlolbei*) (2017) 3 Cal.5th 230, 233 (*Sahlolbei*), a case in which the Supreme Court noted PVH "is a public entity under California law." Because the complaint, filed almost 18 months after the alleged injury, was silent about filing a claim with PVH within six months of the incident, the court concluded it did not meet the requirements of section 911.2.

An amendment to complaint was entered on the register of actions on May 11, 2021.

At a case management conference on June 25, 2021, the court granted Hernandez leave to amend the first amended complaint.

The same day, judgment was entered in favor of Palo Verde Healthcare District.[2]

Hernandez timely appealed.

## II.

## DISCUSSION

### A. Standard of Review

"On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo; we exercise our independent judgment about whether the complaint states a cause of action as a matter of law." (*Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 439.) To establish adequate pleading, a plaintiff must show the facts pleaded are "sufficient to establish *every element of that cause of action*." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879 (*Cantu*).) In making

---

[2] The judgment states that the court entered judgment "having sustained the Demurrer of Defendant Palo Verde Healthcare District, sued and served as Palo Verde Hospital to Plaintiff's Second Amended Complaint on May 7, 2021, without leave to amend . . . ."

4

our determination, we admit all facts properly pleaded. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) We also read allegations "in the light most favorable to the plaintiff and liberally construed with a view to attaining substantial justice among the parties." (*Venice Town Council v. City of L.A.* (1996) 47 Cal.App.4th 1547, 1557.)

However, " ' "a complaint otherwise good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective." ' " (*Marina Tenants Assn. v. Deauville Marina Development Co.* (1986) 181 Cal.App.3d 122, 130.) A court may take judicial notice of facts that contradict the face of a complaint. (*Swiss Park, Inc. v. City of Duarte* (1982) 136 Cal.App.3d 755, 758-759.) When they contradict, "[t]he complaint should be read as containing the judicially noticeable facts, 'even when the pleading contains an express allegation to the contrary.' " (*Cantu, supra*, 4 Cal.App.4th at p. 877, quoting *Chavez v. Times-Mirror Co.* (1921) 185 Cal. 20, 23.)

We review the trial court's refusal to grant leave to amend the pleading under the abuse of discretion standard. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

## B. The Government Claims Act

The Act defines a public entity to include a "district." (§ 811.2.) A "[l]ocal public entity" also includes a "district." (§ 900.4.) Local health care districts are a type of "district" under the Local Health Care District Law. (Health & Saf. Code, § 32000 et seq.) In 1994, Senate Bill No. 1169 changed the name of "The Local Hospital District Law" to "The Local Health Care District Law." (Sen. Gov. Cmt., Aug. 8, 1994). Healthcare districts "are independent public agencies governed by five or seven popularly elected directors." (Sen. Gov. Com. Bill Analysis of Sen. Bill 1169 (1993-1994 Reg.

5

Sess.) as amended Aug. 8, 1994, para. 1.); Health & Saf. Code, § 32100.) "As local agencies, they must comply with the Brown Act, the Public Records Act, the Political Reform Act, and public contracting laws, among others." (Sen. Floor Analysis of Sen. Bill 1169 (1993-1994 Reg. Sess.) Aug. 12, 1994, Analysis.) Health care districts are governed by a locally elected board of directors (Health & Saf. Code, § 32100), and claims against them are governed by the Government Code (*id.* at § 32492).

Under the Act (§ 810 et seq.), a person may not sue a public entity for personal injury unless he or she presents a timely written claim for damages to the public entity. (§§ 911.2, subd. (a), 945.4.) Section 905 requires that "all claims for money or damages against local public entities" must be "presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) . . . ." Such claims must be presented to the public entity "not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a).) The failure to do so bars the plaintiff from suing that entity. (§ 945.4.) When a complaint fails to allege compliance with the requirements of the Act, the complaint is subject to dismissal. (See *State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1237.)

## C. Analysis

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).) To overcome this presumption, the appellant bears the burden of providing an adequate record to affirmatively demonstrate error. (*Ibid.*; *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 498 (*Sutter Health*) [incomplete record

is construed against appellant].)  If the appellant cannot show error in the record, the presumption of correctness requires us to affirm the order. (*Foust*, at p. 187.)

Hernandez's failure to provide a copy of the operative complaint means we cannot evaluate whether it pleads sufficient facts to sustain its causes of action.  This does not, itself, prove fatal here because the parties appear to agree that Hernandez did not identify PVH as a public entity in any version of the complaint, and he did not allege that he provided notice to PVH, as required by the Act.  (§ 911.2, subd. (a) & 945.4.)  Hernandez indicates such an allegation is not necessary because PVH has not adequately demonstrated that it is a public entity.

To demonstrate the complaint could not allege Hernandez met the precondition of giving notice to a public entity, PVH sought and received judicial notice of three documents:  (1) a 2021 license issued by the state authorizing Palo Verde Healthcare District to operate under the name Palo Verde Hospital; (2) a website printout identifying the NPI for Palo Verde Healthcare District that shows the healthcare district operates a general acute care hospital at the address of PVH; and (3) a 2021 Roster of Public Agencies filing document signed electronically by the PVH CEO.

Hernandez challenges the submission of these documents, contending the court lacked the authority to accept the facts stated within them. However, he forfeited this challenge by failing to object to the propriety of judicial notice in the superior court.  (See *People v. Pearson* (2013) 56 Cal.4th 393, 438 [absent a specific objection to evidence on the ground raised on appeal, challenge is forfeited]; *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 406, fn. 3 [failure to timely object to propriety of judicial notice waives the objection]; see Evid. Code, § 353, subd. (a).)

7

Our review of these documents reveals that the State of California has authorized the Palo Verde Healthcare District to operate under the name "Palo Verde Hospital," the entity named in the suit. The NPI, a unique number assigned to healthcare providers, states that Palo Verde Healthcare District "is a General Acute Care Hospital," indicating Palo Verde Healthcare District and PVH are the same entity. The address listed for Palo Verde Healthcare District is 250 N 1st St. in Blythe, California, the same address listed on the license issued to PVH. These documents demonstrate that Palo Verde Healthcare District and PVH are the same entity.

The third document, the Statement of Facts, Roster of Public Agencies Filing, if filed with the State, would show that Palo Verde Healthcare District is a public entity. However, the copy of the document submitted does not show that it was actually filed with the Secretary of State; thus, it is not evidence of inclusion in the State's list of public agencies.

Still, we are satisfied that Palo Verde Healthcare District and PVH are the same entity, and because PVH is a health care district, it is a public entity. (§§ 811.2 & 900.4.) Moreover, PVH's status as a public entity is confirmed in *Sahlolbei*, a case in which our Supreme Court considered whether the chief of staff and director of the surgical department who had been hired as an independent contractor could properly be considered an employee of the hospital so that he could be liable under criminal provisions in section 1090 for knowing and willful self-dealing. (*Sahlolbei*, *supra*, 3

Cal.5th at p. 233.)  In its opinion, the Supreme Court noted that PVH "is a public entity under California law."[3]  (*Sahlolbei*, at p. 233.)

Hernandez next argues that section 950.4 should operate as an exception to the notice requirements.

Section 950.4 states that a cause of action against a public employee is not barred if the claimant pleads and proves he or she did not know or have reason to know that the injury was caused by an act or omission of the public entity or an employee of the public entity in the scope of employment.  Thus, when a claimant acquires knowledge during the period in which a late claim could be filed, the claimant may still file suit against an employee even though the claimant is barred from suit against the employing public entity for failure to meet the notice requirements.  (*Moore v. Morhar* (1977) 65 Cal.App.3d 896, 901-902.)

---

[3]     Hernandez's claim that PVH's own website makes no mention of it being a public entity is not entirely accurate.  The offered website URL, paloverdehospital.com, does not lead to an active website.  However, paloverdehospital.org indicates PVH is a health care district.  Specifically, as of April 27, 2023, the "About Us" page states:  "The Palo Verde Healthcare District was created for the purpose of purchasing and reopening Palo Verde Hospital.  The Palo Verde Healthcare District, which encompasses 1,022 square miles in eastern Riverside County, is the only publicly elected body in the Palo Verde Valley charged solely with overseeing healthcare in our community.  The five member board is elected from at-large throughout the District to represent the people of the Palo Verde Valley[.]"  (<https://www.paloverdehospital.org/54/About-Us> [as of April 27, 2023] archived at <https://perma.cc/8DJU-CNE5>.)  This information clearly indicates PVH falls within the statutory definition of a public entity.  (See Gov. Code, §§ 811.2, 900.4; Health & Saf. Code, § 32000 et seq.)  We do not know if this information was presented to the superior court, or whether the website was altered in the time between the demurrer ruling and our review because, although Hernandez refers to it, he does not direct us to any documents in the record referencing the PVH's website.  Thus, we do not rely on it to reach our conclusion that PVH is a public entity.

9

However, section 950.4 applies to public employees, not public entities. (See, e.g., *Williams v. Braslow* (1986) 179 Cal. App.3d 762, 772 [applying section 950.4 to a public employee].)  Although Hernandez comments that this exception *should* apply to entities, he does not explain why.  He points to nothing in the code that would suggest the Legislature agrees.  Had the Legislature wanted to extend the reach of the exception, it could have. Because section 950.4 does not apply to public entities, amending the complaint to add facts demonstrating that Hernandez diligently conducted an exhaustive search would not cure the defect here.[4]

Hernandez alternatively contends that he timely submitted the required notice to PVH by providing notices to the State and the County.  He also argues that PVH had actual notice of the claim because it investigated the incident when it occurred.  He maintains that these actions demonstrate substantial compliance with the Act's notice requirements.

These arguments were raised on appeal for the first time in Hernandez's reply brief.  It is well settled that " ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before. . . ." ' " (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10 (*Shade Foods*), quoting *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8.)  Hernandez waived these arguments by failing to raise them in his opening brief, and he has not demonstrated good cause for doing so.

---

[4]    A plaintiff can argue a trial court's decision sustaining a demurrer without leave to amend abused discretion by demonstrating for the first time on appeal that additional facts can be alleged that would cure the pleading defect.  (Code Civ. Proc., § 472c; see *Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1044.)

Were we to consider the merits, we would nonetheless affirm the sustention of the demurrer.  A health care district is an independent public agency, not one owned or operated by the State or the County.  (See Sen. Gov. Com. Bill Anal. Of Sen. Bill No. 1169 (1993-1994 Reg. Sess.) as amended Aug. 8, 1994, para. 1.)  Notice to *other* public entities is not sufficient to meet the notice requirements of the Act.  *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983 (*DiCampli-Mintz*) does not hold otherwise.

In *DiCampli-Mintz*, the plaintiff provided notice to a hospital rather than to the county that owned and operated it.  (*DiCampli-Mintz, supra*, 55 Cal.4th at p. 987.)  The Supreme Court considered whether the plaintiff's actions complied with section 915, subdivision (e)(1), a statute that explains how "actual receipt" can meet the notice requirements of the Act.  (*DiCampli-Mintz*, at p. 990.)  The plaintiff argued she had substantially complied by delivering notice to the Risk Management Department of the hospital, which she alleged "was the county department most directly involved with" processing tort claims against the hospital.  (*Id.* at pp. 988-989.)  The court explained that "[t]he claimant bears the burden of ensuring that the claim is presented to the appropriate public entity.  [Citation.]"  (*Id.* at p. 991.)  It concluded that "if an appropriate public employee or board never receives the claim, an undelivered or misdirected claim fails to comply with the statute."  (*Id.* at p. 992.)  Further, "[e]ven if the public entity has actual knowledge of facts that might support a claim, the claims statutes must be satisfied.  [Citation.]"  (*Id.* at p. 990.)  Because the plaintiff acknowledged that she presented notice to the wrong public entity by delivering it to the hospital instead of the county, she failed to comply with the notice requirements, barring her suit.  (*Id.* at p. 991.)

11

Hernandez does not claim he ever provided notice to PVH; thus, he did not provide "actual notice" to the entity he now wishes to sue, as required to demonstrate substantial compliance with notice requirements. (*DiCampli-Mintz, supra*, 55 Cal.4th at p. 990.) His notice to the State and the County does not demonstrate actual notice to the healthcare district, which functions independently.

Moreover, Hernandez's contention that PVH was aware of the incident and investigated it cannot substitute for the actual notice required by section 915. (See *DiCampli-Mintz, supra*, 55 Cal.4th at p. 990.) " ' "It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim." ' " (*Id.* at p. 991.) " 'The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an *element* that a plaintiff is required to prove in order to prevail.' [Citation.]" (*Id.* at p. 990.)

Hernandez's reliance on *Munoz v. State of California* (1995) 33 Cal.App.4th 1767 is similarly unhelpful. There, the plaintiff sought permission to give notice late, pursuant to section 946.6, subdivision (c). (*Munoz*, at pp. 1777-1778.) Under that statute, a court has discretion to give a plaintiff relief from the notice requirements of section 954.4 if it finds that notice was offered within a reasonable time and the failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect and the defendant would not be prejudiced from the late notice. (§ 946.6, subd. (c)(1).) However, nothing in the record here indicates that Hernandez sought relief from his failure to give PVH notice. Thus, he never asked the court to exercise its discretion in this manner.

12

Finally, Hernandez raises a series of procedural mistakes that he implies warrant reversing the judgment. First, he contends that PVH did not meet and confer in good faith. Hernandez does not articulate how PVH acted in bad faith or explain what the consequence of that should have been. Indeed, the meet and confer correspondence to which Hernandez directs us shows that PVH attempted to meet and confer beginning March 8, 2021. That communication indicated PVH planned to file a demurrer. PVH communicated again by e-mail and U.S. mail on March 29, 2021, reiterating its position. Hernandez's attorney responded April 30, 2021, several weeks after the demurrer was filed on April 9, 2021. Hernandez indicated a desire to file a second amended complaint only after the demurrer had been filed.

Second, Hernandez contends the court should not have issued a ruling and should have taken the demurrer hearing off calendar because Hernandez filed an amended complaint before the opposition to the demurrer was due. It is unclear which amended complaint Hernandez is referencing. The register of actions indicates a first amended complaint was filed on March 3 or March 5, 2021, before PVH filed its demurrer on April 8, 2021.[5] The court treated the demurrer as responsive to the first amended complaint.

There is conflicting information about the filing and service of the second amended complaint. The register of actions indicates there was an amendment to the complaint on May 11, 2021. It also indicates that at a June 25, 2021 case management conference, the court granted Hernandez leave to amend the first amended complaint. Further, the judgment indicates a second amended complaint was filed and served on the date of the demurrer hearing, May 7, 2021. Regardless of the filing date we apply to the

---

[5] It is unclear whether the first amended complaint was served on PVH; the register of actions indicates two proofs of service of summons, and there were two other defendants. The demurrer refers to the "complaint."

13

second amended complaint, Hernandez had not filed it before the deadline for filing the opposition had passed. As it is the appellant's burden to demonstrate error, and Hernandez has failed to supply evidence to support this argument, we do not consider it. (*Foust*, *supra*, 198 Cal.App.4th at p. 187; *Sutter Health*, *supra*, 171 Cal.App.4th at p. 498.)

Hernandez's final procedural argument, made for the first time in his reply, is that the court entered judgment as to the second amended complaint when the demurrer regarded the first amended complaint. He waived this argument by failing to raise it sooner. (See *Shade Foods, supra,* 78 Cal.App.4th at p. 894, fn. 10.) The judgment and the notice of entry of judgment each refer to the second amended complaint. However, the tentative ruling and the order sustaining the demurrer reference only the first amended complaint. Additionally, the notice of ruling on the demurrer correctly explains that the demurrer was to the first amended complaint. Given available information about the date on which the second amended complaint was filed, it does not appear that the judgment regarded the second amended complaint. Because the judgment could not regard an order that was never given, the reference to the second amended complaint in the judgment and notice of its entry appears to be a scrivener's error.

DISPOSITION

The judgment dismissing the suit against PVH without leave to amend is affirmed.  Parties to bear their own costs.

HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


DO, J.