Filed 8/19/24  Rotter v. Bauer CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SAM ROTTER,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ALEXANDRA BAUER, etc.,<br><br>    Defendant and Respondent. | 2d Civ. No. B322981<br>(Super. Ct. No. 56-2021-<br>00553372-CU-MC-VTA)<br>(Ventura County) |

Sam Rotter filed an action against "Alexandra Bauer, In her Official Capacity as Acting Director of the County of Los Angeles . . . Child Support Services Department," hereafter "respondent."  Proceeding in propria persona, Rotter appeals from the judgment entered after the trial court sustained respondent's demurrer without leave to amend.  Appellant contends the trial court erroneously concluded that his action is barred because he failed to comply with the Government Claims Act.  (Gov. Code, § 900 et seq.)

Respondent moved to dismiss the appeal because appellant was declared a vexatious litigant and had failed to comply with a prefiling order.  We deny the motion, but affirm the judgment.[1]

*Motion to Dismiss Appeal*

On November 29, 2022, the Ventura County Superior Court declared appellant a vexatious litigant.  The superior court entered a prefiling order prohibiting appellant "from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice . . . of the court where the litigation is proposed to be filed."  (Code Civ. Proc., § 391.7, subd. (a).)  "'Litigation' for purposes of vexatious litigant requirements . . . includes proceedings initiated in the Courts of Appeal by notice of appeal . . . ."  (*McColm v. Westwood Park Assn.* (1998) 62 Cal.App.4th 1211, 1219, disapproved on other grounds in *John v. Superior Court* (2016) 63 Cal.4th 91, 99, fn. 2.)

Code of Civil Procedure section 391.7, subdvision (b) provides that, if a prefiling order has been entered, "[t]he presiding justice . . . shall permit the filing of [new] litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay.  The presiding justice . . . may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants . . . ."

Respondent contends appellant violated the prefiling order because "[a]fter [he] was declared a vexatious litigant, on June 1, 2023, [he] filed [the instant] Appeal" without first obtaining "this Court's permission."  Thus, respondent has moved to "dismiss

---

[1] We grant respondent's motion to augment the record filed October 3, 2023.

this Appeal."  If it is not dismissed, respondent has requested that appellant "furnish security in the amount of $10,000."

Respondent erroneously asserts that this appeal was filed on June 1, 2023.  On that date appellant filed his opening brief. The record shows that an amended notice of appeal was filed on September 7, 2022, more than two months before he was declared a vexatious litigant.  In an order dated November 2, 2022, this court stated: "It appears appellant intends to appeal the judgment entered July 29, 2022, as stated in his amended notice of appeal filed September 7, 2022."

Accordingly, appellant did not violate the prefiling order because he filed his notice of appeal *before* he was declared a vexatious litigant.  We therefore deny respondent's motion.  (See *Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 196, disapproved on other grounds in *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1172, fn. 3 ["In the context of this statutory scheme, the word 'new' [in Code of Civil Procedure section 391.7, subdivision (a)] plainly refers to a civil lawsuit filed *after* entry of the prefiling order"].)

*Appellant's Second Amended Complaint*

The operative pleading is appellant's second amended complaint (SAC), which consists of the following four causes of action:

First cause of action: Respondent failed to perform a mandatory duty in violation of Family Code sections 4951, subdivision (a) and 5700.605.  Section 4951 was repealed effective January 1, 2016.  (Stats. 2015, ch. 493, § 2.)  Section 5700.605, subdivision (a) provides, "When a support order or income-withholding order issued in another state . . . is registered, the

registering tribunal of this state shall notify the nonregistering party."

Second cause of action: Respondent made negligent misrepresentations that she was "empowered with enforcement authority to intercept payments" to appellant made by Social Security and the Employment Development Department (EDD). "As a result, [appellant] lost approximately $12,747 to date from Social Security and approximately $4,800 to date from EDD."

Third cause of action: Respondent "negligently interfered with a relationship between [appellant] and at least 3 architectural employers" by "improperly garnish[ing]" his wages.

Fourth cause of action: We cannot ascertain the nature of appellant's fourth cause of action.

Fifth cause of action: Respondent violated Civil Code section 1798.24 because she provided "personal information to other agencies; in state, out of state, and federal." Section 1798.24 provides, "An agency shall not disclose any personal information in a manner that would link the information disclosed to the individual to whom it pertains unless the information is disclosed" as specified in section 1798.24.

Appellant sought to recover his lost income. He claimed, "Grand totals of out-of-pocket losses including lost income and EDD and [social security] amount to approximately $2,376,000." Appellant also sought injunctive and declaratory relief as well as punitive damages.

*Respondent's Demurrer*

In her demurrer to the SAC, respondent contended that the first, second, third, and fifth causes of action are barred because appellant failed to comply with the Government Claims Act. As

4

to the fourth cause of action, respondent asserted that it "is uncertain [because] it is ambiguous and unintelligible."

*Trial Court's Ruling*

As to the fourth cause of action, the trial court sustained respondent's demurrer for uncertainty without leave to amend. As to the other causes of action, the court sustained respondent's demurrer without leave to amend because appellant had "fail[ed] to allege compliance with the claims presentation requirements of the Government Claims Act." Judgment was entered in favor of respondent and against appellant.

*Standard of Review*

"'In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we assume the truth of all properly pleaded facts. We examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory regardless of the label attached to a cause of action. [Citation.] We do not assume the truth of contentions, deductions, or conclusions of fact or law, and may disregard allegations that are contrary to the law or to a fact that may be judicially noticed.' [Citation.] We review de novo a trial court's ruling on a demurrer and examine the operative complaint to determine whether it alleges facts sufficient to state a cause of action under any legal theory. [Citations.]" (*Summerfield v. City of Inglewood* (2023) 96 Cal.App.5th 983, 992.) Where, as here, ""a demurrer is sustained *without leave to amend*, 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.""" (*Ibid.*)

*The Government Claims Act*

"Suits for money or damages filed against a public entity are regulated by statutes contained in division 3.6 of the Government Code, commonly referred to as the Government Claims Act.[2] . . . 'Claims for personal injury and property damage must be presented within six months after accrual; all other claims must be presented within a year. (§ 911.2.) "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected . . . ." (§ 945.4.) ". . . [F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.". . .'" (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 989-990 (*DiCampli-Mintz*).)

The "'purpose of the claims statutes is not to prevent surprise, but "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation. [Citations.] It is well-settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim.". . .'" (*DiCampli-Mintz, supra*, 55 Cal.4th at p. 991.)

*Appellant Has Failed to Carry His Burden on Appeal*

"[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. . . .'" (*Denham v. Superior Court* (1970) 2

---

[2] Unless otherwise stated, all further statutory references are to the Government Code.

Cal.3d 557, 564.) "'[A]ppellant bears the burden of overcoming the presumption of correctness.'" (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1207.)

Appellant has failed to carry his burden on appeal. In the SAC appellant alleged: "This challenge [i.e., the claim that he did not comply with the Government Claims Act] is resolved through the consideration of [his] notification of an Injunction Hearing scheduled for 4-30-21 which was served on [respondent] on 2-19-21 (exhibit 6). [The service date was two months before the April 19, 2021 filing of his original complaint in the instant action.] . . . [T]he notification did provide each element of the specific information required in § 910 . . . ."[3]

---

[3] Section 910 provides:

"A claim shall be presented by the claimant or by a person acting on his or her behalf and shall show all of the following:
(a) The name and post office address of the claimant.
(b) The post office address to which the person presenting the claim desires notices to be sent.
(c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
(d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
(e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
(f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of

7

Exhibit 6 to appellant's SAC is a pleading entitled "Complaint for Injunction," which was filed in the Glendale courthouse of the Los Angeles County Superior Court. Appellant is the plaintiff, and the defendant is "Cheryl Strange, in her official capacity as Secretary of the [Washington State] Department of Social and Health Services." The Complaint for Injunction alleges: "Agents working on behalf (i.e. CSSD [Los Angeles County Child Support Services Department]) of the defendant [Cheryl Strange] . . . are threatening to withhold Unemployment insurance funds payable to [appellant] beginning on or about 1-17-21." "As a result of defendants' (and agent CSSD . . .) wrongful conducted against [*sic*] plaintiff will be damaged in the amount of $350 each month . . . ."

Appellant has not shown how the service of the Complaint for Injunction on respondent satisfied the requirements of the Government Claims Act. In view of appellant's allegations in the SAC concerning the Complaint for Injunction, we reject his contention that, for purposes of the demurrer, he adequately showed compliance with the Government Claims Act by the following statement in his opposition to the demurrer: "Plaintiff hereby forthrightly alleges that he has complied with the requirements of the [c]laims [a]ct in a timely manner by submitting a claim to the public entity."

Appellant argues that he "is excluded from Government Claim requirements for non-monetary relief sought," i.e., his

computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case."

request in the SAC for injunctive and declaratory relief. As a general rule, the Government Claims Act does not "impose any requirements for nonpecuniary actions, such as those seeking injunctive, specific or declaratory relief." (*Loehr v. Ventura County Community College Dist.* (1983) 147 Cal.App.3d 1071, 1081.) "This exception does not apply, however, where the demand for nonmonetary relief is merely incidental or ancillary to a prayer for damages. [Citation.]" (*Hart v. Alameda County* (1999) 76 Cal.App.4th 766, 782; see also *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 762 ["The claims filing requirement remains applicable to actions in which money damages are not incidental or ancillary to any specific relief that is also sought, but the primary purpose of the action"].)

Appellant's request for injunctive and declaratory relief is incidental or ancillary to his prayer for damages. The primary purpose of the SAC is to obtain monetary relief. Appellant sought compensatory damages of approximately $2,376,000 as well as punitive damages. Pursuant to Civil Code section 3345, subdivision (b), he sought "to levy treble damages against [respondent]; totaling $7,127,214."

*Disposition*

The judgment is affirmed. Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.        BALTODANO, J.

9

Jeffrey G. Bennett, Judge

Superior Court County of Ventura

_____

Sam Rotter, in propria persona, for Plaintiff and Appellant.

Peterson, Bradford, Burkwitz, Gregorio, Burkwitz, and Su, and Avi Burkwitz, Lusine Arshakyan, for Defendant and Respondent.