**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ANH TUYET THAI; et al.,

        Plaintiffs-Appellants,

 and

MOHAMMAD NASSIRI; et al.,

        Plaintiffs,

v.

COUNTY OF LOS ANGELES; et al.,

        Defendants-Appellees,

 and

STATE AND/OR LOCAL AGENTS
LADA; DOES, 1-10,

        Defendants.

</td><td>

Nos.  23-55326
       23-55327

D.C. No.
3:15-cv-00583-WQH-NLS

MEMORANDUM*

</td></tr>
</table>

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted September 10, 2024
Pasadena, California

Before:  IKUTA and FRIEDLAND, Circuit Judges, and HSU,[**] District Judge.

Anh Thai and Don Doan (referred to here as "plaintiffs") challenge the district court's grant of summary judgment on multiple federal and state claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

The district court properly granted summary judgment in favor of defendants on plaintiffs' claim under 42 U.S.C. § 1985.  Because plaintiffs failed to show that any defendant was motivated by discriminatory animus, they failed "to make a showing sufficient to establish the existence of an element essential to" their claim, and therefore their § 1985 claim fails.  *Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Plaintiffs' 42 U.S.C. § 1986 claim is wholly dependent on their § 1985 claim.  Because the § 1985 claim fails, the district court also did not err in denying

---

[**] The Honorable Wesley L. Hsu, United States District Judge for the Central District of California, sitting by designation.

[1] We resolve plaintiffs' challenge to the district court's grant of summary judgment on their claims under 42 U.S.C. § 1983 against Dulce Sanchez and William Villasenor in a concurrently filed opinion. *Thai v. County of Los Angeles*, — F.4th — (9th Cir. 2025).  To the extent claims regarding Tommy Nguyen or the County of Los Angeles are relevant, they are also covered by this memorandum disposition.

the § 1986 claim. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988).

The district court did not err in granting summary judgment in favor of defendants on the *Monell* claims because plaintiffs failed to point to any policy, practice, or custom of the County that was the moving force behind the alleged violations of their constitutional rights. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Furthermore, plaintiffs failed to show practices of "sufficient duration, frequency[,] and consistency" such that the investigators' alleged actions became "a traditional method of carrying out policy." *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

The district court did not err in declining to consider plaintiffs' Americans with Disabilities Act and Rehabilitation Act claims because they were raised for the first time in plaintiffs' reply brief in support of their motion for reconsideration of the district court's summary judgment order, and therefore were forfeited. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

The district court did not err in granting summary judgment in favor of defendants on plaintiffs' state law claims because they were procedurally improper under state law. Plaintiffs did not timely present their claims to the Los Angeles County Board of Supervisors, nor was there evidence in the record that they

3

substantially complied with California's statutory presentment scheme or properly presented a late claim within one year. Cal. Gov't Code §§ 911.2(a), 911.4; *DiCampli-Mintz v. County of Santa Clara*, 55 Cal. 4th 983, 990 (2012). Plaintiffs are not entitled to statutory tolling under Cal. Gov't Code § 945.3 because there is no pending criminal proceeding here, and plaintiffs have pointed to no authority providing for equitable tolling of California statutory presentment requirements for their civil claims. Even if plaintiffs were entitled to tolling, plaintiffs' proffered proof of service receipt addressed to the Los Angeles County Board of Supervisors fails to establish compliance with California's statutory presentment scheme because it lacks evidence of the contents of that service.

The district court did not err in imposing a sanction on plaintiffs' counsel because counsel offered no compelling reason why her clients failed to obey discovery orders after the district court granted defendants' motion to compel. *See* Fed. R. Civ. P. 37(b)(2)(A)–(C) (attorneys' fees are an appropriate sanction unless the failure to comply was "substantially justified").[2]

**AFFIRMED.**

---

[2] Because plaintiffs' claims fail on the merits, we do not consider any claims pursuant to 42 U.S.C. § 1988 or for injunctive relief. Furthermore, we do not address the denial of class certification as plaintiffs did not raise such arguments on appeal. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003).