Filed 1/30/26  P. v. Brissette CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PHILLIP MAURICE BRISSETTE,<br><br>    Defendant and Appellant. | B338984<br>(Los Angeles County<br> Super. Ct. No. KA062643) |

APPEAL from postconviction orders of the Superior Court of Los Angeles County, Jacqueline Lewis and Robert Serna, Judges.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Charles Chung, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Phillip Maurice Brissette appeals from orders following initial and subsequent Penal Code section 1172.75 resentencing hearings.[1]  He contends the resentencing court erred by reimposing his original, upper base-term sentence without applying changes to section 1170 that limit imposition of an upper term sentence.  He also contends the court failed to calculate actual time credits at the subsequent resentencing hearing.

We accept the Attorney General's concession on the latter contention.  The former contention is presently before the California Supreme Court.  Pending the Court's decision, we join the majority of courts that have considered the issue and uphold the resentencing court's authority to reinstate an upper base-term sentence.

## BACKGROUND

Pursuant to a negotiated agreement, on May 27, 2004, defendant pleaded no contest to attempted murder (§§ 664/187, subd. (a)), admitted he personally and intentionally discharged a firearm during its commission (§ 12022.53, subd. (c)), and admitted suffering a prior prison term (former § 667.5, subd. (b); hereinafter former § 667.5(b)).[2]  The court accepted the plea, admissions, and stipulation to a factual basis.  In accordance with the plea, the court sentenced defendant to the upper term of

---

[1]     Subsequent references to statutes are to the Penal Code.

[2]     In exchange for his plea, the People dismissed another count of attempted murder (§§ 664/187, subd. (a)), one count of shooting at an inhabited dwelling (§ 246), and felon in possession of a firearm (former § 12021, subd. (a)(1)).  All charged counts and enhancements exposed defendant to 80 years to life.

nine years for attempted murder, plus 20 years for the firearm enhancement and one year for serving a prior prison term. Defendant was credited with 378 days actual time and 56 days conduct credit.

In April 2023, the matter was placed on calendar after the trial court received notice that defendant's name appeared on the California Department of Corrections and Rehabilitation's list of inmates eligible for possible resentencing under section 1172.75. The court appointed defendant counsel and received briefing from the parties.

At an initial resentencing hearing on June 26, 2024, the People opposed defendant's request to decrease his upper base-term sentence for attempted murder and reconsider the firearm enhancement in light of sections 1172.75 and 1170, subdivision (b)(1). The court struck the former section 667.5(b) one-year enhancement, declined defendant's request to impose a lower base-term sentence, and reimposed the remaining portions of his sentence for a total of 29 years. In doing so, the court invoked section 1172.75, subdivision (d)(4) (hereinafter section 1172.75(d)(4)). The court calculated 7,335 days of actual custody credit days from the date of original sentencing.

The court held another resentencing hearing on December 4, 2024, to determine whether *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) applied at resentencing. (See *id.* at pp. 707–708 [prohibiting ability to strike portion of negotiated sentence at resentencing without allowing parties to withdraw from underlying plea agreement].) Following the same arguments made at the previous hearing, the court again declined to modify defendant's sentence beyond striking the former 667.5(b) enhancement. The court reimposed the 29-year

sentence and ordered the California Department of Corrections and Rehabilitation to "calculate the credits." Defendant appealed.

## DISCUSSION

**A.     Reimposing Upper Term Sentence at Resentencing**

Defendant contends the resentencing court misapplied section 1172.75 when reimposing his upper base-term sentence absent his stipulation or a jury verdict supporting any factor used to aggravate the sentence. We review the court's resentencing decision for abuse of discretion (*People v. Mathis* (2025) 111 Cal.App.5th 359, 366, review granted Aug. 13, 2025, S291628 (*Mathis*)) and questions of statutory interpretation de novo (*People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 856).

In 2022, the Legislature retroactively invalidated all enhancements imposed under former section 667.5(b) for non-sexually violent offenses. (See Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.) Section 1172.75 lays out the process for resentencing inmates serving a term for a judgment that includes the invalidated enhancement. Beyond eliminating the one-year enhancement imposed for serving a prior prison term, section 1172.75 directs the resentencing court to appoint counsel (§ 1172.75, subd. (d)(5)), "apply any other changes in law that reduce sentences" (subd. (d)(2)), consider factors reflecting changed circumstances (subd. (d)(3)), and impose a sentence no greater than originally imposed (subd. (d)(1)). The last directive, invoked by the court below and raised by the parties here, provides:

> "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the

4

middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75(d)(4).)

Courts are presently divided on the meaning of this provision. Most cases construe section 1172.75(d)(4) to permit reimposition of an upper term sentence at resentencing without the defendant's stipulation to, or jury determination of, any aggravating fact(s). (E.g., *People v. Dozier* (2025) 116 Cal.App.5th 700, 713 (*Dozier*); *Mathis*, *supra*, 111 Cal.App.5th at p. 373; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*).) One published decision does not. (See *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329 (*Gonzalez*).)[3]

Citing *Gonzalez*, defendant contends the resentencing court erred when reimposing his upper base-term sentence. Consistent with *Mathis* and *Brannon-Thompson*, the Attorney General contends section 1172.75(d)(4) "provides a specific exception" applicable to those like defendant who were originally sentenced to an upper term. (See *Mathis*, *supra*, 111 Cal.App.4th at p. 374.)

We join the cases agreeing with *Mathis* and *Brannon-Thompson*. Section 1172.75(d)(4) is clear. The first clause— "Unless the court originally imposed the upper term"—provides

---

[3] The Supreme Court has granted review to consider this question. (See *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903.)

5

an exception to the second clause's quantum of proof requirement for imposing an upper term at resentencing. (*Mathis*, *supra*, 111 Cal.App.5th at p. 374; *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466–467.)

Despite noting this reasonable, "plain language" construction, the *Gonzalez* court construed section 1172.75(d)(4) differently—to "*restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term, . . ." (*Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328–329.) Under this interpretation, "a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Id.* at p. 329.)

We respectfully disagree with this interpretation. "[A] proviso or clause beginning with the word 'unless' means an exception or condition *subsequent* rather than a condition precedent." (*Baggett v. Housing Authority* (1987) 195 Cal.App.3d 383, 389, italics added; see *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 888 ["'except on the condition that'"].) The *Gonzalez* court's interpretation of section 1172.75(d)(4) inverts this meaning, replacing a term of exception ("unless") with a term of condition ("if"). We decline to impart a meaning materially "'different from the plain and direct import'" of section 1172.75(d)(4). (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 992.)

We conclude section 1172.75(d)(4) plainly expresses "the Legislature's intent that the new, heightened factfinding requirements for aggravating factors do not apply where the

defendant was originally, lawfully sentenced to an upper term." (*Mathis*, *supra*, 111 Cal.App.5th at p. 374.)[4]

We likewise reject defendant's argument that Sixth Amendment principles espoused in *Apprendi v. New Jersey* (2000) 530 U.S. 466 and *Cunningham v. California* (2006) 549 U.S. 270 applied at his resentencing. (See *Dozier*, *supra*, 116 Cal.App.5th at p. 714 [resentencing pre-2007 defendants to an upper term under section 1172.75(d)(4) "without heightened factfinding[ ] does not violate the Sixth Amendment"].) This is particularly true when an upper base-term sentence was originally imposed under a stipulated plea, in which "there is no occasion for the trial court to find any aggravating facts in order to justify the imposition of an upper term . . . ." (*People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1059 (*Mitchell*), review granted Dec. 14, 2022, S277314; see also *People v. Sallee* (2023) 88 Cal.App.5th 330, 338–340 (*Sallee*), review granted Apr. 26, 2023, S278690; *People v. Munoz* (2007) 155 Cal.App.4th 160, 168.)[5] Defendant offers no reasoned argument contesting these principles.

---

[4] Given the clear language of the statute, "the rule of lenity" does not apply. (*United States v. Castleman* (2014) 572 U.S. 157, 172.) This rule, which construes an ambiguous criminal statute in favor to the defendant, only applies to statutes containing "'a grievous ambiguity or uncertainty . . . .'" (*Id.* at pp. 172–173; see *People v. Boyce* (2014) 59 Cal.4th 672, 695 [reasonable interpretations must stand in relative equipoise].)

[5] The Supreme Court has granted review in *Mitchell* and *Sallee* to determine whether "Senate Bill No. 567 (Stats. 2021, ch. 731), which limits a trial court's discretion to impose upper term sentences, apply retroactively to defendants sentenced pursuant to stipulated plea agreements." (*Mitchell*, *supra*, 83 Cal.App.5th 1051, review granted

**B. Custody Credits**

Notwithstanding our conclusion above, we agree with the parties that defendant's actual custody credits should have been updated at the second resentencing hearing to reflect time spent in custody between the hearings. Upon modification of a felony sentence during the term of imprisonment, the trial court must "recalculate and credit the *actual time* [the] defendant had served on [their] sentence prior to the modification." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) "'[W]here a defendant has served any portion of [their] sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence [they] may receive upon a new commitment for the same criminal act or acts.'" (*Id.*, at p. 32, italics omitted, quoting § 2900.1.)

We remand the matter to correct the calculation and award of actual time spent in custody. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [remanding court may direct correction of abstract of judgment].)

---

Dec. 14, 2022, S277314; see *Sallee, supra*, 88 Cal.App.5th 330, review granted Apr. 26, 2023, S278690.)

## DISPOSITION

The postconviction orders are affirmed. The matter is remanded to the trial court to calculate defendant's actual time served on his sentence through the resentencing hearing on December 4, 2024. The court shall prepare an amended abstract of judgment reflecting the updated custody credits and forward a certified copy to the California Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

COLLINS, Acting P. J.

TAMZARIAN, J.