**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RANDY QUAID; Mrs. EVGENIA H. QUAID,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CRAIG GRANET, et al.,<br><br>Defendants - Appellees. | Nos. 25-270, 25-1026<br><br>D.C. No.<br>2:24-cv-03455-MRA-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Submitted May 11, 2026[**]

Before: RAWLINSON, FRIEDLAND, and VANDYKE, Circuit Judges.

Randy and Evgenia Quaid (the Quaids) appeal the district court's dismissal

with prejudice of their claims against various defendants[1] arising out of a land

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]        R. Scott and Lanette Turicchi and their attorney, Craig Granet (collectively, Turicchi Defendants); Fidelity National Title Insurance Company and its attorney James Hepworth (collectively, Fidelity defendants); Santa Barbara County and

dispute in California. The Quaids also appeal the district court's order declaring them vexatious litigants and ordering them to pay attorneys' fees to defendant-appellee Berman. We have jurisdiction under 28 U.S.C. § 1291, and review de novo a district court's dismissal for failure to state a claim. *See Osheske v. Silver Cinemas Acquisition Co.*, 132 F.4th 1110, 1113 (9th Cir. 2025). We review a district court's declaration of a vexatious litigant for abuse of discretion. *See Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). We affirm.

**1.** The Quaids' claims for invasion of privacy, public disclosure of private facts, and conspiracy to invade privacy against the Turicchi Defendants, the Fidelity Defendants, and Williams are barred by the litigation privilege. *See Rusheen v. Cohen*, 128 P.3d 713, 718 (Cal. 2006) (explaining that "the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action") (citation omitted); *see also* Cal. Civil Code § 47(b) (codifying the privilege). "[T]he privilege is an absolute privilege, and it bars all tort causes of action except

---

Santa Barbara Assistant District Attorney Anthony Davis (collectively, County Defendants); Bruce Berman (Berman); and Susan Williams (Williams). The district court separately dismissed Santa Barbara Sheriff's Department employee Reggie Serrano for lack of service. Although Serrano is listed as an appellee, he is no longer a party to this case.

a claim of malicious prosecution. . . ." *Flatley v. Mauro*, 139 P.3d 2, 16 (Cal. 2006) (citation and internal quotation marks omitted).

The Quaids' claims all stem from the defendants obtaining the Quaids' criminal history records and disclosing those records in a judicial proceeding. The claims are based on a communicative act. *See Jacob B. v. Cnty. of Shasta*, 154 P.3d 1003, 1008-09 (Cal. 2007). And each of the defendants invoking the litigation privilege was a party to a state court proceeding and offered the Quaids' criminal history records to support a legal theory. Thus, the litigation privilege bars the Quaids' claims against the Turicchi Defendants, the Fidelity Defendants, and Williams. *See Flatley*, 139 P.3d at 16. Because additional facts would not overcome this "absolute privilege," the district court did not abuse its discretion by dismissing the claims with prejudice because amendment would be futile. *Id.*; *see also Curry v. Yelp, Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017).

**2.** The Quaids failed to comply with the claim presentation requirement for suing the County Defendants. California's Government Claims Act "requires that all claims for money or damages against local public entities be presented to the responsible public entity before a lawsuit is filed." *City of Stockton v. Superior Ct.*, 171 P.3d 20, 22-23 (Cal. 2007) (footnote reference and internal quotation marks omitted); *see also* Cal. Gov. Code §§ 905, 945.4. "Failure to present a timely claim bars suit against the entity. . . ." *City of Stockton*, 171 P.3d at 23

(citation omitted). The Government Claims Act covers both public entities and public employees. *See Cordova v. City of Los Angeles*, 353 P.3d 773, 775 (Cal. 2015).

The Quaids do not allege in their First Amended Complaint (FAC) that they first presented their claims against the County Defendants to the appropriate official. Rather, the Quaids argued to the district court that they substantially complied with the statute by emailing officials in the Santa Barbara Sheriff's office. They now argue in their Opening Brief that presenting their claims to the county would have been futile. But California courts have already rejected both arguments. *See DiCampli-Mintz v. Cnty. of Santa Clara*, 289 P.3d 884, 885, 889 (Cal. 2012) (rejecting a "substantial compliance" argument); *see also Olson v. Manhattan Beach Unified Sch. Dist.*, 17 Cal. App. 5th 1052, 1063, (2017) (declining to recognize futility exception to claim filing requirement). Thus, the district court did not err when it dismissed the Quaids' claims against the County Defendants with prejudice. *See Curry*, 875 F.3d at 1228.

**3.** The district court also dismissed with prejudice the Quaids' slander of title claim against Berman as having been functionally adjudicated on the merits because the Quaids previously filed, and voluntarily dismissed, that claim in several prior cases. *See* Fed. R. Civ. P. 41(a)(1)(B). The Quaids do not make any argument challenging this ruling in their Opening Brief, so their appeal of this

issue is waived.  *See Momox-Caselis v. Donohue*, 987 F.3d 835, 842 (9th Cir. 2021).  The Quaids similarly fail to challenge the district court's ruling declaring them to be vexatious litigants and awarding costs and fees to Berman, so we affirm on those issues as well.  *See id.*

**AFFIRMED.**