Filed 6/2/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MICHELLE HARLAND, Plaintiff and Appellant, v. CITY OF WEST HOLLYWOOD, Defendant and Respondent. | B343375 Los Angeles County Super. Ct. Nos. 23SMCV01549, 24SMCV00872 |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Jay Ford III, Judge. Affirmed.

Law Offices of David Azizi and David Azizi; The Arkin Law Firm and Sharon J. Arkin for Plaintiff and Appellant.

Wesierski & Zurek, David M. Ferrante-Alan and Stephanie H. Hsieh; Pollak, Vida & Barer, Daniel P. Barer and Karen M. Stepanyan for Defendant and Respondent.

—————————————

The purpose of the Government Claims Act (Gov. Code, § 810 *et seq*.) is to confine potential governmental liability to

rigidly delineated circumstances.  (*Williams v. Horvath* (1976) 16 Cal.3d 834, 838.)  Taxpayers pay successful claims against the government, and taxpayers and voters have a powerful interest in managing their government's purse.  The aim of the Act is to give public entities enough information to enable them to investigate claims properly and to settle them, if appropriate, without the expense of litigation.  (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 991 (*DiCampli-Mintz*).)

Two main rules govern.

First, the claimant must present their personal injury claims against a public entity to that entity within six months of sustaining the injury.  (Gov. Code §§ 911.2(a), 915.)

Second, the claimant cannot sue the public entity unless and until they have complied with the first requirement, and that entity has either outright denied the claim or failed to act upon the claim within 45 days.  (Gov. Code §§ 945.4, 912.4(a).)  We call these rules as Act's claim presentation requirements.  (See, e.g. *DiCampli-Mintz, supra,* 55 Cal.4th at p. 994; *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 737 (*Stockton*); *State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239 (*Bodde*); *Malear v. State of California* (2023) 89 Cal.App.5th 213, 217 (*Malear*); *Lowry v. Port San Luis Harbor Dist.* (2020) 56 Cal.App.5th 211, 219 (*Lowry*); *Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 246 (*Le Mere*); *Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, 374 (*Gong*).)

There are exceptions to the claim presentation requirements, but those exceptions do not apply to Michelle Harland's case against the City of West Hollywood.

On October 8, 2022, Harland tripped and fell while walking near 8228 Sunset Boulevard in West Hollywood.

2

On April 5, 2023—two days shy of the six-month deadline—Harland's counsel mailed a claim for damages to the City. Harland claimed she suffered various physical injuries and emotional distress as a result of the City's failure to maintain the sidewalk in a safe condition.

Two days later—on April 7, 2023—Harland filed suit against the City in the trial court. In her complaint, Harland alleged that before filing suit, she "presented a claim to [the City] . . . [and] believes in good faith that these claims have been denied, or have not been acted upon, acknowledged, or responded to in any way, or will be denied in due course."

The City did not receive Harland's mailed claim until April 10, 2023. It did not receive her complaint until April 25, 2023.

On May 22, 2023, the City demurred to Harland's complaint, arguing the complaint failed to state a claim because Harland failed to comply with the Act's claim presentation requirements.

That same day, Harland served her first amended complaint, alleging she submitted her claim for damages to the City on April 5, 2023, and that over 45 days had passed without a response from the City.

Two days later, the City again demurred to Harland's first amended complaint, making the same argument about her failure to comply with the Act.

In September 2023, the trial court overruled the City's demurrer. However, at the hearing on the City's demurrer, the court told the parties it would likely grant summary judgment to the City based on these circumstances, noting "[t]he fact [Harland] served the summons and complaint before the time

period expired for the City to respond . . . defeats the whole purpose of that 45-day requirement."

In October 2023, Harland voluntarily requested dismissal of her amended complaint without prejudice. On February 26, 2024, Harland filed a second lawsuit based on her October 2022 injury against the City in the trial court. The second lawsuit was virtually identical to the amended complaint in her first lawsuit, with the exception of a new allegation that the City rejected her claim in September 2023. The second lawsuit omitted any mention of her first lawsuit.

Once again, the City demurred to Harland's complaint, arguing her second action was merely an effort to "circumvent the deficiencies" of her first lawsuit and that she was still in violation of the Act.

This time, the court sustained the City's demurrer without leave to amend and dismissed Harland's case with prejudice. In its written order, the court found Harland's "initial failure to comply with the [Act] is a complete bar to this action" and "voluntarily dismissing that case and refiling its complaint on the identical claim does not cure [Harland's] failure to comply with the [Act]."

Harland makes two arguments on appeal.

First, she contends the trial court erred in sustaining the City's demurrer because she *did* comply with the claim presentation requirements in her second action, which supersedes her earlier complaint. Harland argues the fact that the City eventually denied her claim, as she alleged in her second lawsuit, essentially cures the premature filing of her first lawsuit. As support, she cites *Malear*, *supra*, 89 Cal.App.5th at p. 221, where the court found the plaintiff substantially complied

4

with the claim presentation requirements when the plaintiff filed a lawsuit before his claim was actually or deemed rejected, but served the defendants with an amended complaint after the defendants rejected his claim. According to Harland, under *Malear*, she too can invoke the substantial compliance doctrine to save her claim.

Second, she argues the City's failure to engage in a reasonable meet and confer before filing its first demurrer should result in a finding that the City waived its right to argue that Harland's premature filing of her lawsuit prejudiced its ability to investigate her claim.

In response, the City again argues Harland's premature filing of her first lawsuit is a fatal defect, pointing to *Lowry* and *Le Mere*. In both cases, the appellate courts found the plaintiffs' failure to file claims with the respective public agencies before suing these agencies was a violation of the Act that barred their lawsuits. (See *Lowry*, *supra*, 56 Cal.App.5th at p. 215; *Le Mere*, *supra*, 35 Cal.App.5th at p. 247.)

As for Harland's claim that its meet and confer efforts were deficient, the City points out Harland failed to raise this argument to the trial court and therefore cannot raise it on appeal.

The City is correct on both counts.

Satisfying the Act's claim presentation requirements is a condition precedent to a tort action. (*Bodde, supra*, 32 Cal.4th at p. 1240 [internal citation omitted].) Failing to comply with the claim presentation requirements subjects a complaint to a general demurrer for failure to state a claim. (*Id* at p. 1243.) The claims presentation requirements ensures public entities get sufficient information to investigate claims *without the expense of*

5

*litigation.*  (*Stockton*, *supra*, 42 Cal.4th at p. 746.)  Suing a public entity before presenting it with a claim defeats this function. (*See id.*)

Harland, like the plaintiffs in *Lowry* and *Le Mere*, did not fulfill the claim presentation requirements because she sued the City before the 45-day waiting period elapsed.  Her lawsuit against the City cannot stand.  As the plaintiff, it was Harland's burden to adhere to the Act's requirements before filing suit. (See *DiCampli-Mintz*, *supra*, 55 Cal.4th at p. 991 ["The claimant bears the burden of ensuring that the claim is presented to the appropriate public entity"].)  Plaintiffs must satisfy the claim presentation requirements even if the entity had actual knowledge of the circumstances surrounding the claim.  (See *id.*; *see also City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 455; *Hernandez v. City of Stockton* (2023) 90 Cal.App.5th 1222, 1234–1235 [rejecting plaintiff's argument that the purpose of the claim presentation requirements was satisfied because one of the defendant's employees admitted to knowing the basis of the plaintiff's claim]; *Gong*, *supra*, 226 Cal.App.4th at p. 374 ["Compliance is mandatory, and cannot be excused on the theory that the entity was not surprised by the suit"].)

Harland's premature filing of her first lawsuit violated the Act.  She deprived the City of the opportunity to investigate her claim before forcing it into litigation with her.  Indeed, the City tried to serve Harland with a demurrer to her original complaint on the same day she filed her amended complaint.  By then, the lawsuit was in full swing.  Time spent on litigation is gone forever and can never be recovered.  (See *Lowry*, *supra*, 56 Cal.App.5th at p. 221 ["Lowry's noncompliance with the Act cannot be cured by amending the complaint to allege he

complied"]; *Le Mere, supra,* 35 Cal.App.5th at p. 247 ["Filing a government claim while simultaneously attempting to prosecute a cause of action based on that claim, as plaintiff did here, does not satisfy the purpose of the [Act], which is to give the public entity the opportunity to investigate and settle the claim without the cost of litigation"].)

It is immaterial the City later denied Harland's claim. Her premature suit contravened the Act.

Harland cites the inapposite decision in *Malear.* There the plaintiff filed the first amended complaint before defendants appeared in the action, and "[t]hat amended complaint operated to supersede the prematurely filed original complaint, which ceased to have any effect." (*Malear, supra,* 89 Cal.App.5th at p. 221.) *Malear* stated its holding was a "narrow one" that allows for the application of the substantial compliance doctrine in the claim presentation context only "if the original complaint is not served before an amended complaint alleging the requisite denial of a government claim is filed." (*Id.* at p. 225.) In this case, Harland served the original complaint on the City before she filed her amended complaint. The substantial compliance doctrine is inapplicable. (See *ibid.*)

Harland forfeited any ability to attack the City's meet and confer efforts on appeal by failing to inform the trial court of this argument. (See *Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 ["Failure to raise specific challenges in the trial court forfeits the claim on appeal"].)

//

//

7

## DISPOSITION

We affirm the trial court and award costs to the City.

WILEY, ACTING P. J.

We concur:

VIRAMONTES, J.

SCHERB, J.