NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XAVIER NAILING,<br><br>  Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF LOS ANGELES; GARCIA, an individual; Serial No. 42501; ALTAMITRANO, an individual; Serial No. 42570,<br><br>  Defendants - Appellees. | No. 24-5216<br><br>D.C. No.<br>2:22-cv-07224-AB-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
André Birotte, Jr., District Judge, Presiding

Submitted March 12, 2026**

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Xavier Nailing appeals pro se from the district court's grant of summary

judgment in favor of defendants City of Los Angeles and Los Angeles Police

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Officers Garcia and Altamirano in his 42 U.S.C. § 1983 action. Nailing alleged that his Fourth and Fourteenth Amendment rights were violated when he was arrested for assault with a deadly weapon. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo, *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021), and affirm.

The district court properly granted summary judgment on the Fourth Amendment false arrest claim. Officers had probable cause to arrest Nailing for assault with a deadly weapon because Hugo Mazariego told the officers that Nailing had stabbed him, showed them the laceration near his hip, and an independent witness corroborated part of Mazariego's version of events. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (a false arrest claim fails if the officers had probable cause to arrest); *Dist. of Columbia v. Wesby*, 583 U.S. 48, 56-57 (2018) (setting forth the requirements for probable cause); *People v. Aguayo*, 515 P.3d 63, 67-68 (Cal. 2022) (setting forth the elements of assault with a deadly weapon). The mere fact that Nailing called the police does not negate probable cause under the totality of circumstances in this case. *See Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (concluding that officers had probable cause to arrest the plaintiff who called the police because the alleged attacker had more severe injuries and explained how the plaintiff attacked him).

Summary judgment was proper on the Fourteenth Amendment fabrication of evidence claim. The alleged fabrications, the identity of the officer who transported Nailing to the police station and the statement that Nailing owned the knife and crowbar, did not cause Nailing's arrest. Rather, the officers arrested Nailing as the aggressor for the reasons stated above, because Mazariego's statement was consistent with Mazariego's visible injuries and an independent witness's statement. *See Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (requiring proof that the alleged fabrication caused the deprivation of liberty).

The district court properly granted summary judgment on the Fourteenth Amendment equal protection claim because Nailing failed to offer any evidence to establish that he was arrested because of his race. *See Rosenbaum v. City & Cnty. of S.F.*, 484 F.3d 1142, 1153 (9th Cir. 2007) (requiring proof that the defendants were motivated, at least in part, because of plaintiff's membership in a protected class); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) ("[C]onclusory statements of bias do not carry the nonmoving party's burden in opposition to a motion for summary judgment.").

Summary judgment was proper on the state law claims because Nailing did not file a timely notice of claim with the City of Los Angeles within six months of the incident pursuant to the California Government Claims Act. *See* Cal. Gov't Code § 911.2(a); *DiCampli-Mintz v. Cnty. of Santa Clara*, 289 P.3d 884, 887 (Cal.

2012) ("failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity") (internal quotation marks omitted); *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999) (affirming summary judgment for failure to file a timely notice of claim).

We decline to consider matters not properly raised in the opening brief or district court. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**