Filed 3/30/26  P. v. Flores CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JUAN FLORES,<br><br>    Defendant and Appellant. | B341420<br>(Los Angeles County<br> Super. Ct. No. BA114754) |

APPEAL from a postconviction order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed and remanded with directions.

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, and Zachary John Crvarich, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Juan Flores appeals from an order following a resentencing hearing (see Pen. Code, § 1172.75).[1]  He contends the resentencing court erred by reimposing upper-term sentences without applying changes to section 1170, subdivision (b) (section 1170(b)).  He also contends the court abused its discretion by denying his request to strike a prior strike conviction (see § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*)) and not calculating actual time credits.

We accept the Attorney General's concession concerning actual time credits and discern no abuse of discretion in the order declining to strike his prior strike conviction.  Pending guidance from the Supreme Court on the remaining issue, we uphold the resentencing court's authority to reinstate upper-term sentences.  We affirm and remand the matter with directions to calculate defendant's custody credits.

## BACKGROUND[2]

In September 1994, defendant befriended a woman at her workplace and offered her a place to stay.  The woman accepted and moved in, understanding her friend would be moving in the following day.  After the woman fell asleep alone inside his apartment bedroom, defendant entered the room, assaulted and forcibly raped the woman, threatened to kill her, and demanded she remain silent.

In October 1995, a jury convicted defendant of two counts of genital penetration by foreign object (§ 289, subd. (a)) and one

---

[1]  Subsequent references to statutes are to the Penal Code.

[2]  Based on the limited record before us, we recite the factual background from defendant's pre-conviction probation report.

count of forcible rape (§ 261, subd. (a)(2)).  The jury also found true allegations that defendant committed the offenses while on parole for a 1990 conviction for genital penetration/rape with a foreign object (§ 289) and less than five years removed from a 1987 conviction for aggravated assault (§ 245, subd. (a)(1)).  (See § 667, subds. (b)–(i); former §§ 667.5, subd. (b) [hereinafter former § 667.5(b)], 667.6, subd. (a), 1203.085, subd. (a).)  Defendant was sentenced to 54 years imprisonment as follows:  consecutive, upper-term sentences of eight years for each offense, doubled under the Three Strikes law, plus consecutive one- and five-year terms for suffering a prior prison term (former § 667.5(b)) and prior serious felony conviction (former § 667.6, subd. (a)).

In April 2023, the court placed the matter on calendar for judicial review of possible resentencing (§ 1172.75).  The court appointed counsel and received briefing from the parties.  In his briefing, defendant requested the court strike the now-invalidated one-year prior prison term enhancement (former § 667.5(b)); strike the five-year prior serious felony conviction enhancement (former § 667.6, subd. (a)); strike his prior strike conviction (*Romero*); reduce each upper-term sentence to the presumptive middle term; and run his sentences concurrently, resulting in his release with credit for time served.

Following a resentencing hearing on September 13, 2024, the court struck both enhancements (former §§ 667.5(b), 667.6, subd. (a)), declined to strike defendant's prior strike conviction, and reimposed his upper-term sentences for a total of 48 years.  The court considered various mitigating factors, including defendant's age and infirmities (diabetes, hearing loss, and movement limitations), exposure to domestic violence as a child,

3

the absence of recent rule violations in prison,[3] and California Static Risk Assessment (CSRA) and California Department of Corrections and Rehabilitation (CDCR) placement scores. The court also considered factors demonstrating a risk of danger to the public, including defendant's significant criminal record, his prior negative attitude toward women, the absence of counseling to mitigate sexual compulsion, and the use of deception to lure his victims.[4] In light of these factors, particularly defendant's criminal history "and the lack of what [it] call[ed] treatment while in prison for 29 years,"[5] the court found that further reduction in defendant's sentence would risk public safety. The court ordered CDCR to determine total custody credits.

## DISCUSSION

### A.    Reimposing Upper Terms

Defendant contends the resentencing court violated his rights under section 11700 and the Sixth Amendment by reimposing his upper-term sentence without finding aggravating

---

[3]    As noted in his briefing, defendant was found guilty of various rules violations. In 2003, he was found guilty of indecent exposure for masturbating while staring at a female officer. In 2006 and 2015, defendant was found guilty of sexual harassment and disrespect towards staff for staring at a female correctional officer's crotch and gazing in a discourteous manner. Defendant suffered various physical violence reports in 1995, 2000, 2005, and 2015.

[4]    Beyond reporting defendant's convictions, his probation report lists arrests for rape by force or fear (1986), possession of marijuana (1985), and battery (1978). The report also noted that defendant denied past treatment and denied needing treatment for his behavior.

[5]    The parties could not verify whether defendant was offered classes or rehabilitation. The court noted, "either it wasn't offered or if it was offered to him, it was not taken, it's not there in his chrono."

4

sentencing factors true beyond a reasonable doubt.  We review the court's resentencing decision for abuse of discretion and questions of statutory interpretation de novo.  (*People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 856; *People v. Mathis* (2025) 111 Cal.App.5th 359, 366 (*Mathis*), review granted Aug. 13, 2025, S291628).

In 2022, the Legislature retroactively invalidated all enhancements imposed under former section 667.5(b) for non-sexually violent offenses.  (See Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  The same year, the Legislature amended section 1170(b) and enacted section 1172.75 (formerly § 1171.1).  (See Stats. 2021, ch. 728, § 3; Stats. 2021, ch. 731, §§ 1.3, 3, subd. (c).)

As amended, section 1170(b) makes the middle term of a sentencing triad the presumptive term unless facts underlying circumstances in aggravation justifying a higher term are stipulated by the defendant or are found true beyond a reasonable doubt at trial.  (§ 1170(b)(1)–(2).)

Section 1172.75 lays out the process for resentencing inmates serving a term for a judgment that includes the invalidated enhancement.  Beyond eliminating the enhancement imposed for serving a prior prison term, section 1172.75 directs the resentencing court to apply other changes in law reducing sentences (§ 1172.75, subd. (d)(2)), consider factors reflecting changed circumstances (subd. (d)(3)), and impose a sentence no greater than originally imposed (subd. (d)(1)).  The last directive provides:

> "*Unless the court originally imposed the upper term*, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of

5

imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4) [hereinafter § 1172.75(d)(4)], italics added.)

Courts are presently divided on the meaning of section 1172.75(d)(4).  Most construe the provision to permit reimposition of an upper-term sentence without the defendant's stipulation to, or jury determination of, any aggravating fact(s). (E.g., *People v. Dozier* (2025) 116 Cal.App.5th 700, 713 (*Dozier*), review granted Feb. 11, 2026, S294597; *Mathis*, *supra*, 111 Cal.App.5th at p. 373; *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466–467 (*Brannon-Thompson*).)  One published decision does not.  (*People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329 (*Gonzalez*).)[6]

Citing *Gonzalez*, defendant argues presumptive middle-term sentencing (§ 1170(b)) applied at resentencing (§ 1172.75), thus requiring proof beyond a reasonable doubt any fact that could be used to aggravate his sentence.  The Attorney General contends, and we agree, that defendant forfeited this contention by failing to raise the issue below.  (See *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 463–464; *People v. Scott* (2015) 61 Cal.4th 363, 406.)

Absent forfeiture, we would still reject defendant's contention.  We continue to join the clear majority of cases agreeing with *Mathis*, *Brannon-Thompson*, and now *Dozier*.

---

[6]     The Supreme Court has granted review to consider this question.  (See *People v. Eaton* (Mar. 14, 2025, C096853 [nonpub. opn.], review granted May 14, 2025, S289903.)

Section 1172.75(d)(4) is clear. The first clause—"Unless the court originally imposed the upper term"—provides an exception to the second clause's quantum of proof requirement for imposing an upper term at resentencing. (*Dozier*, *supra*, 116 Cal.App.5th at p. 710; see *Mathis*, *supra*, 111 Cal.App.5th at pp. 373–374; *Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466–467.)

Despite noting this reasonable, "plain language" construction, the *Gonzalez* court construed section 1172.75(d)(4) differently—to "*restrict the scope of defendants eligible to receive the upper term* at resentencing to those who previously received the upper term . . . ." (*Gonzalez*, *supra*, 107 Cal.App.5th at pp. 328–329.) Under this interpretation, "a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Id.* at p. 329.)

We respectfully disagree with this interpretation. "[A] proviso or clause beginning with the word 'unless' means an exception or condition *subsequent* rather than a condition precedent." (*Baggett v. Housing Authority* (1987) 195 Cal.App.3d 383, 389, italics added; see *Miklosy v. Regents of University of California* (2008) 44 Cal.4th 876, 888 ['"except on the condition that'"].) *Gonzalez*'s interpretation inverts this meaning, replacing a term of exception ("unless") with a term of condition ("if"). We decline to impart a meaning materially '"different from the plain and direct import'" of section 1172.75(d)(4). (*DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 992.)

We conclude section 1172.75(d)(4) plainly expresses "an exception to the heightened factfinding requirements where the upper term was originally imposed." (*Dozier*, *supra*, 116 Cal.App.5th at p. 713.) Under this plain language

7

interpretation,[7] we further conclude the resentencing court did not err by reimposing defendant's upper-term sentences.

We likewise reject defendant's reliance on the Sixth Amendment. "[R]esentencing pre-2007 defendants . . . to an upper term under section 1172.75, subdivision (d)(4), without heightened factfinding, does not violate the Sixth Amendment." (*Dozier*, *supra*, 116 Cal.App.5th at p. 714.) The judicial recognition that pre-2007 determinate sentencing laws violated the Sixth Amendment does not apply retroactively to final sentences. (*Id.* at p. 715.) "By not extending the new heightened factfinding requirements to defendants . . . previously sentenced to an upper term, the Legislature left them in the same position they were in before resentencing—unable to take advantage of a nonretroactive ameliorative change in the law." (*Id.* at p. 716; see also *People v. Terwilligar* (2025) 109 Cal.App.5th 585, 601 [full resentencing rule does not require resentencing court to "proceed as if it were 'writing on a blank slate'"].)

## B.     *Romero* **Motion**

Next, defendant contends the resentencing court abused its discretion by denying his motion to strike his prior strike conviction. We disagree.

Under *Romero*, "a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to . . . section 1385(a)." (*People v. Williams* (1998) 17

---

[7]     The rule of lenity, on which defendant relies, applies only to statutes containing "'a grievous ambiguity or uncertainty.'" (*United States v. Castleman* (2014) 572 U.S. 157, 172–173.)

Cal.4th 148, 158 (*Williams*).) "[T]he Three Strikes law establishes a 'strong presumption' in favor of a harsher sentence and requires the court to explicitly articulate its reasoning if it is to depart from a harsher sentence by granting the *Romero* motion." (*People v. Salazar* (2023) 15 Cal.5th 416, 428.)

When exercising its discretion under *Romero*, a sentencing court "must consider whether, in light of the nature and circumstances of [defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [their] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though [they] had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.) "[T]he law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) "In light of this presumption, a trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Ibid.*)

Here, the resentencing court was aware of and exercised its discretion appropriately. Defendant's current offenses—genital penetration by foreign object and forcible rape—were committed while defendant was on parole for a similar sex offense and less than five years removed from an aggravated assault conviction. (See *Williams*, *supra*, 17 Cal.4th at p. 163 [repetition of same or similar offenses showed defendant "'failed or refused to learn his lesson'"].) Defendant deceived his victims, luring them into situations where he could rape them. Even while incarcerated, he engaged in sexual behavior targeting female prison employees.

9

Despite his repeated actions, defendant denied needing treatment for his behavior and did not pursue or request treatment while in prison.

Beyond these factors, the resentencing court considered the mitigating circumstances highlighted by defendant on appeal. This includes his age, infirmities, exposure to domestic violence, time served, low-risk assessments, and the absence of recent rule violations. The court was not bound to reduce defendant's sentence upon finding proof of these factors. (*People v. Bernal* (2019) 42 Cal.App.5th 1160, 1170.) "[J]udicially mandating the predominance" of one sentencing norm would eviscerate the court's discretion under *Romero*. (*Carmony*, *supra*, 33 Cal.4th at p. 379.)

In sum, we find no indication the resentencing court disregarded any sentencing norm or defendant's arguments. On the record before it, the court reasonably determined defendant did not fall outside the spirit of the Three Strikes law.

## C.    Custody Credits

Notwithstanding our conclusion above, we agree with the parties that defendant's custody credits should have been updated. Upon modification of a felony sentence during the term of imprisonment, the trial court must "recalculate and credit the *actual time* [the] defendant had served on [their] sentence prior to the modification." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) "'[W]here a defendant has served any portion of [their] sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence [they] may receive upon a new

10

commitment for the same criminal act or acts.'"  (*Id.*, at p. 32, italics omitted, quoting § 2900.1.)

We must remand the matter to correct the calculation and award of actual time defendant spent in custody.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [directing correction of abstract of judgment].)

## DISPOSITION

The postconviction order is affirmed.  The matter is remanded to the trial court to calculate defendant's actual time served on his sentence through the resentencing hearing on September 13, 2024.  The court shall prepare an amended abstract of judgment reflecting the updated custody credits and forward a certified copy to the CDCR.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.


We concur:


ZUKIN, P. J.


TAMZARIAN, J.


11